```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION AND
WELFARE FUNDS,
                                                    MEMORANDUM & ORDER
                        Plaintiffs,                 12-CV-5652(JS)(WDW)

        -against-

OVERHEAD DOOR COMPANY OF ERIE COUNTY,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Charles R. Virginia, Esq.
                    Richard B. Epstein, Esq.
                    111 Broadway, Suite 1403
                    New York, NY 10006

For Defendant:      No appearances.
```

Pending before the Court is Magistrate Judge William D. Wall's Report and Recommendation ("R&R"), issued on August 6, 2013. For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

Plaintiffs, the Trustees of the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Plaintiffs"), commenced this action on November 16, 2012, seeking confirmation of an arbitration award pursuant to Section 9 of the United States Arbitration Act, 9 U.S.C. § 9, Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(3), and Section 301(a) of the Labor

Management Relations Act, 29 U.S.C. § 185(a), against Overhead Door Company of Erie County ("Defendant"). Defendant did not answer the Complaint[1] or otherwise appear in this action. Plaintiffs moved for an entry of default on January 31, 2013 (Docket Entry 5), and the Clerk of the Court noted Defendant's default that same day (Docket Entry 6). Then, on February 7, 2013, Plaintiffs filed a motion for default judgment (Docket Entry 7), which the Court referred to Judge Wall for an R&R on February 21, 2013 (Docket Entry 9).

Judge Wall issued his R&R on August 6, 2013, recommending that the motion be treated as an unopposed summary judgment motion, that the arbitrator's award be confirmed, that Plaintiffs be awarded $250.00 plus $1,433.00 in attorney's fees, and that Defendant be ordered to produce its books and records for the period of July 1, 2008 through October 5, 2012. (Docket Entry 16.)

No party has objected to any portion of Judge Wall's R&R.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C.

---

[1] Judge Wall properly interpreted Plaintiffs' Complaint as a Petition to confirm an arbitration award. (See R&R 2 n.1.)

2

§ 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Wall's R&R. And the Court finds it to be correct, comprehensive, well-reasoned and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

## CONCLUSION

Judge Wall's R&R is ADOPTED in its entirety. The Court, construing Plaintiffs' motion for default judgment as an unopposed motion for summary judgment, GRANTS Plaintiffs' request for relief, awards Plaintiffs damages in the amount of $250.00 plus $1,433.00 in attorney's fees, and ORDERS Defendant to make available to Plaintiffs or authorized representatives any and all books and records Plaintiffs deem necessary to conduct an audit for the period of July 1, 2008 through October 5, 2012.

The Clerk of the Court is directed to enter judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  September  9 , 2013
        Central Islip, NY

3

Case 2:12-cv-05652-JS-WDW   Document 18   Filed 09/09/13   Page 4 of 4 PageID #: 224